```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HERBERT HENRY McCLARY I,        :
        Petitioner,             :    CIVIL ACTION
                                :
        v.                      :
                                :
HON. WARDEN GAINEY, et al.,     :
        Respondents             :    NO. 06-3642
                                :
```

<u>ORDER</u>

AND NOW, this 12th day of April, 2007, upon careful and independent consideration of the Petition for Writ of Habeas Corpus and the respondents' Response, and after review of the Report and Recommendation of Chief United States Magistrate Judge Charles B. Smith and the petitioner's answer to the respondents' response, which the Court will treat as objections to the Report and Recommendation, IT IS HEREBY ORDERED that:

1. The petitioner's objections are OVERRULED;
2. The Report and Recommendation is APPROVED and ADOPTED, with additional comments below;
3. The Petition for Writ of Habeas Corpus is DENIED AND DISMISSED with prejudice;
4. There is no basis for the issuance of a certificate of appealability;
5. The Clerk of Court shall mark this case closed for statistical purposes.

The petitioner's habeas corpus petition claims that he was unlawfully detained for an approximately 40-day period in May and June of 2006 as a result of allegedly excessive bail set by the state court. As detailed in the Report and Recommendation, the state court nol-prossed the charges on which the petitioner was detained on December 5, 2006.

To save his petition from mootness, the petitioner invokes the rule that collateral consequences flowing from a conviction satisfy Article III's case or controversy requirement even after a petitioner's sentence has been served. See, e.g., United States v. Romero-Vilca, 850 F.2d 177, 179 (3d Cir. 1988). In the petitioner's case, however, there is no conviction from which collateral consequences can flow, and he has not explained how pre-trial detention can have collateral consequences. The petitioner instead cites several consequences of criminal conviction, but he does not explain their relevance absent a conviction.[1]

The petitioner cites Minnesota v. Dickerson, 508 U.S. 366 (1993), for the proposition that dismissed charges can have

---

[1] The petitioner does not argue that his case falls within the "capable of repetition yet evading review" exception to the mootness doctrine. The Court would reject the argument even if it were raised because there is no reason to think that the petitioner will be subject to the same allegedly unlawful actions again. See Murphy v. Hunt, 455 U.S. 478 (1982)(holding that the plaintiff's constitutional challenge to a denial of bail in a state-court criminal proceeding was mooted by his conviction).

collateral consequences, but <u>Dickerson</u>'s holding is not relevant here.  In this case, unlike in <u>Dickerson</u>, the result of the alleged constitutional deprivation -- excessive bail -- in no way impugns the charges brought against the petitioner.

Further, <u>Dickerson</u> involved a Minnesota statute which has no applicability to the petitioner's case.  The statute in <u>Dickerson</u> allowed a defendant to enter a diversionary sentencing program in lieu of entry of a judgment of conviction.  After the program's completion, the charges were dismissed but a record of the charges could be reinstated and used against the defendant. 113 U.S. at 371 n.2.

The petitioner alleges that Pennsylvania has a statute of the type at issue in <u>Dickerson</u>, but the Court has not found one, and even if one existed, it would not apply to the petitioner because he was never brought to trial and did not have entry of a judgment of conviction avoided by diversionary sentencing.

Because the petitioner is no longer in custody and has not shown any collateral consequences stemming from his pre-trial detention, his petition must be dismissed as moot.  <u>See</u> <u>DeFoy v. McCullough</u>, 393 F.3d 439, 442 n.3 (3d Cir. 2005)("It is a petitioner's burden to demonstrate that collateral consequences

exist to avoid having a case dismissed as moot.").

                                            BY THE COURT:


                                            <u>/s/ Mary A. McLaughlin</u>
                                            MARY A. McLAUGHLIN, J.